UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY KAY PUTNIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 19-10526

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10];
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]; AND
REMANDING CASE**

Plaintiff, Kimberly Putnis, applied for disability insurance benefits from the Social Security Administration on May 27, 2014. She alleged that she had been disabled since February 1, 2004. Her claims were denied, and she then requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on December 22, 2016, in Mt. Pleasant, Michigan, before ALJ John Loughlin. After the hearing, Plaintiff amended her onset of disability date to June 15, 2007. On January 25, 2017, the ALJ issued an opinion denying Plaintiff's claims. (ECF No. 8-2). The Appeals Council denied her request for review on November 22, 2017. Plaintiff timely filed suit under 42 U.S.C. § 405 on February 21, 2019. (ECF No. 1).

Plaintiff filed her Motion for Summary Judgment [10] on June 13, 2019. Defendant filed his Motion for Summary Judgment [13] on July 17, 2019. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment [10], **DENIES** Defendant's Motion for Summary Judgment [13], and **REMANDS** Plaintiff's case for further administrative proceedings.

### FACTUAL BACKGROUND

**A. Background**

Putnis was 51 years old at the time of her application date of May 27, 2014 (ECF No. 8-3, PageID. 112). She has an Associate's degree and trade certificate in dental technology and assisting, respectively. (ECF No. 8-2, PageID. 82). She worked for several weeks during the disability period, however, her income did not exceed the threshold limit established by the Regulations (*Id.* at 51). She now alleges disability primarily as a result of severe depression and anxiety. (*Id.*).

After Putnis's application for SSI was denied at the initial level on October 23, 2014 (ECF No. 8-3, PageID. 111), she timely requested an administrative hearing, which was held on September 25, 2017, before ALJ John Loughlin (ECF No. 8-2, PageID. 74). Putnis, who was represented by attorney Dannelly C. Smith, testified at the hearing, as did vocational expert Paul Delmar. (*Id*. at 75). On January 25, 2017, the ALJ issued a written decision finding that Putnis is not disabled under the Act. (ECF No. 8-2, PageID. 46-56). On November 22, 2017, the Appeals Council

denied review. (*Id.* at 37). Putnis timely filed for judicial review of the final decision on February 21, 2019. (ECF No. 1).

### B. The ALJ's Application of the Disability Framework Analysis

Only those who have a "disability" under the Act may qualify for SSI. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A disability is to be determined through the application of the following five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520).

Following this five-step sequential analysis, the ALJ found that Putnis is not disabled under the Act. At Step One, the ALJ found that Putnis did not engage in substantial gainful activity from her onset date of June 15, 2007 through her date last insured of June 30, 2009. (ECF No. 8-2, PageID. 51). At Step Two, although the ALJ found that she had medically determinable impairments of depression with anxiety attacks, he found that they did not significantly limit her ability to perform basic related activities for 12 consecutive months. (*Id.*). As a result, the ALJ concluded that Putnis did not have a severe impairment and was not disabled under the Act. (*Id*. at 56).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the District Court has jurisdiction to review the Commissioner's final administrative decision. This review is limited to determining whether the Commissioner's findings were "supported by substantial evidence and whether the Commissioner applied the correct legal standards." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Substantial evidence is "more than a scintilla of evidence[,] but less than a

preponderance" that a "reasonable mind might accept as adequate to support a conclusion." *Linscomb v. Comm'r of Soc. Sec.*, 25 F. App'x 264, 266 (6th Cir. 2001). Even if substantial evidence exists to support a different conclusion, if the Commissioner's decision is based on substantial evidence, it must be affirmed. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

Plaintiff argues that "the ALJ's finding that [she] did not have more than minimal mental impairments prior to her date last insured is contrary to law because the finding is generally contrary to the record and because he failed to properly consider the opinion of Plaintiff's treating physician," Dr. Frye. (ECF No. 10, PageID. 796). In contrast, Defendant argues that the ALJ was not required to consider the statement of Plaintiff's treating physician. The Court does not opine on whether or not Dr. Frye's statement was a medical opinion the ALJ should have considered, however, the Court finds that because the ALJ failed to follow Agency regulations by discounting Dr. Frye's opinion absent explanation, Plaintiff's case must be remanded.

Under 20 C.F.R. § 404.1527(a)(1), medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." In order for a statement from a treating source to constitute a medical opinion, it cannot include "conclusory statements that a claimant is disabled or unable to work." *Dunlap v. Comm'r of Soc. Sec.*, 509 F. App'x 472, 476 (6th Cir. 2012). Medical opinions from treating physicians are given more weight than others due to their ability to provide a detailed history of a person's impairments. 20 C.F.R. § 404.1527(c)(2). Such opinions are even given controlling weight when well-supported by other evidence in the record. (*Id.*).

For this reason, ALJs are required to "give good reasons" for the weight he or she gives, if any, to a treating source's medical opinion. (*Id.*). "These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

Defendant argues that the statement by Dr. Frye, Plaintiff's treating physician, is not a medical opinion, because it does not detail the specific extent of Plaintiff's limitations despite her impairments. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646,

651 (6th Cir. 2009). The ALJ references Dr. Frye's treatment notes. (ECF No. 8-2, PageID. 53). However, he neither references Dr. Frye's opinion nor explains its absence from his final determination. If the ALJ concluded that Dr. Frye's opinion did not constitute a medical opinion which should be afforded proper weight, he is required to explicitly state so in his decision with an accompanying explanation. Such a failure warrants remand. *See Grant v. Comm'r of Soc. Sec.*, No. 17-CV-12819, 2018 WL 4509577, at *4 (E.D. Mich. Sept. 20, 2018) (finding the same and remanding claimant's case); *see also Allen*, 561 F.3d at 651 ("[w]e have remanded cases to the agency when the agency fails to follow its own regulations by not stating 'good reasons' for giving diminished or no weight to a treating physician's opinion."). Accordingly, under 42 U.S.C. § 405(g), the Court remands Plaintiff's case to the for ALJ further proceedings. On remand, the ALJ must opine on whether or not Dr. Frye's statement is a medical opinion under the applicable regulations and afford the statement its appropriate weight, if any.

## Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's case is **REMANDED** to the ALJ for further proceedings consistent with this order.

**SO ORDERED**.

Dated: May 29, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge